Ariadne Panagopoulou (AP-2202)
Pardalis & Nohavicka, LLP
3510 Broadway, Suite 201
Astoria, NY 11106
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Ismael Antonio Hernandez Garcia, *on behalf of himself and others similarly situated,*<br><br>*Plaintiff,*<br><br>-v-<br><br>Wantagh Bagels Inc., Wantagh Bagels, Ralph Facchini, and Peter Casella, *jointly and severally,*<br><br>*Defendants.* | Civil Case No.:<br><br>**FLSA COLLECTIVE ACTION**<br><br>**COMPLAINT** |

**NATURE OF THE ACTION**

1.  Plaintiff Ismael Antonio Hernandez Garcia ("Plaintiff"), on behalf of himself and others similarly situated, brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.* in order to remedy Defendants' wrongful withholding of Plaintiff's lawfully earned overtime compensation. Plaintiff also brings these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, as well as the supporting New York State Department of Labor Regulations for violations of overtime wages, spread-of hours pay, and the failure of the Defendants to provide wage statements and wage notices.

## SUMMARY

2. Plaintiff was employed by Defendants, Wantagh Bagels Inc., Wantagh Bagels, Ralph Facchini, and Peter Casella (collectively "Defendants"), from May 2010 to July 15, 2017 as a baker.

3. During his period of employment from May 2010 to December 2016, Plaintiff was working six (6) days per week and approximately fifty-six (56) hours per week. During that time period, Plaintiff was compensated at the same hourly rate for all hours he worked and did not receive overtime wages for hours exceeding 40 hours per week.

4. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees lawful compensation by knowingly violating the FLSA and NYLL.

5. As a result of Defendants' actions, Plaintiff has suffered great hardship and damages.

6. Defendants' conduct extended beyond the Plaintiff to all other similarly situated employees. Plaintiff seeks certification of this action as a collective action on behalf of herself individually and those other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

**Federal Question Jurisdiction and Supplemental Jurisdiction**

7. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Additionally, this Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

**Personal Jurisdiction**

8. This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

**Venue**

9. Venue is proper in the Eastern District of New York under 28 U.S.C. §§ 1391 (b) (1) and (2) because Defendants reside and conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

## THE PARTIES
### Plaintiff

**Ismael Antonio Hernandez Garcia**

10. Plaintiff Ismael Antonio Hernandez Garcia ("Plaintiff") is an adult individual residing in the state of New York, County of Nassau.

11. Plaintiff is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

12. Plaintiff worked at Wantagh Bagels located at 3056 Merrick Road, Wantagh, New York, 11793.

13. Plaintiff was employed by Defendants, Wantagh Bagels Inc., Wantagh Bagels, Ralph Facchini, and Peter Casella for the majority of his employment period of May 2010 to July 15, 2017, and worked as a baker. His duties included but were not limited to, measuring the dough and other ingredients, mixing and kneading the dough, and baking the bagels.

14. Plaintiff regularly handled goods in interstate commerce during his employment

with the Defendants, such as food, ingredients, tools, and machines imported from outside the State of New York.

15. During his employment, Plaintiff was also performing side tasks apart from his duties as a baker and was required to regularly carry in food supplies and purchased merchandise into the shop such as flour, water jugs, etc.

16. From May 2010 to December 2016, Plaintiff worked six (6) days per week, from Monday through Saturday. His hours from Monday to Friday were 8 a.m. to 5 p.m. and on Saturday from 8 a.m. to 6 or 7 p.m. On average, from May 2010 to December 2016, Plaintiff worked approximately fifty-six (56) hours per week. Plaintiff was allowed a meal break lasting 10 to 15 minutes each day.

17. In or around January 2017, the business changed owners, and limited the Plaintiff's schedule to less than 40 hours per week.

18. Defendants utilized a time clock system to keep track of Plaintiff's hours of work. For this time clock system, each employee was provided a PIN number and the employees would enter their PIN when they would clock in and clock out.

19. Plaintiff was compensated at the rate of Fifteen Dollars ($15.00) per hour, regardless of the number of hours he worked.

20. During his employment from May 2010 to December 2016, Defendants repeatedly suffered or permitted Plaintiff to work over forty (40) hours per week without paying him the appropriate premium overtime pay of one and one-half times his regular rate of pay.

21. During his period of employment from May 2010 to December 2016, Defendants failed to pay Plaintiff spread-of-hours pay of one hour's pay at the minimum

hourly wage rate for each day during which Plaintiff worked a shift which exceeded ten (10) hours.

22. Plaintiff was not provided with a notice containing the rate and basis of his pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

23. Plaintiff was never provided with wage statements or other records detailing, *inter alia*, Plaintiff's regular hourly rate of pay; the overtime rate of pay; the number of regular hours worked; and the number of overtime hours worked at any point during the time of his employment with Defendants.

24. Upon information and belief, while Defendants employed Plaintiff, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Plaintiff of such rights.

25. Throughout his period of employment, Plaintiff did not have any supervisory authority over any of Defendants' employees, nor did he exercise discretion or independent judgment with respect to matters of significance.

26. Plaintiff consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. § 216(b).

27. Plaintiff has personal knowledge of other employees of Defendants who are similarly situated and who also worked hours for which they were not paid overtime wages and spread-of-hour pay.

### Defendants

28. At all relevant times, Individual and Corporate Defendants were joint employers of Plaintiff, acted in the interest of each other with respect to Plaintiff's and other employees'

remuneration, and had common policies and practices as to wages and hours, pursuant to 29 C.F.R. § 791.2. Factors indicating joint employment include:

    a.    Defendants all suffered or permitted Plaintiff to work.

    b.    Each of the Defendants acted directly or indirectly in the interest of one another in relation to Plaintiff and similarly situated employees.

    c.    Defendants each have an economic interest in the location in which Plaintiff and similarly situated employees worked.

    d.    Defendants all simultaneously benefitted from Plaintiff's work.

    e.    Defendants each had either functional and/or formal control over the terms and conditions of work of Plaintiff and similarly situated employees.

    f.    Plaintiff and similarly situated employees performed work integral to the Corporate Defendant's operation.

29. In the alternative, all Defendants functioned together as a single integrated employer of Plaintiff within the meaning of the FLSA and NYLL.

30. The Corporate Defendants own and operate the business Wantagh Bagels, a sit-down deli and bakery engaged in the retail sale of food and beverage items. Defendant Wantagh Bagels Inc. and Wantagh Bagels share the exact same business address and operate from the same location.

## **Corporate Defendants**

**Wantagh Bagels Inc.**

31. Wantagh Bagels Inc. is a domestic corporation organized and existing under the laws of the State of New York with initial DOS filing date of April 26, 2010 and a principle place of business located at 3056 Merrick Road, Wantagh, New York, 11793.

32. Wantagh Bagels Inc. owns and operates Wantagh Bagels, a sit-down deli and bakery engaged in the retail sale of food and beverage items where customers sit down and order and then pay after consuming items.

33. Wantagh Bagels Inc. is open seven (7) days per week for several hours per day. It employs a handful of full-time and part-time personnel including bakers, cashiers and cleaning personnel.

34. At all relevant times, Wantagh Bagels Inc. was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

35. At all relevant times, Wantagh Bagels Inc. maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll, and other employment practices that applied to him.

36. At all relevant times, Wantagh Bagels Inc. was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees were handling food made from ingredients imported from out of state and distributed in New York. In addition, Wantagh Bagels conducted business with vendors and other businesses outside the State of New York and engaged in credit card transactions involving banks and other institutions outside the State of New York.

37. Upon information and belief, at all relevant times, Wantagh Bagels Inc.'s annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii).

**Wantagh Bagels**

38. Wantagh Bagels is the trade name of a domestic corporation organized and existing under the laws of the State of New York. Its principal place of business is located at

3056 Merrick Road, Wantagh, New York, 11793.

39. Wantagh Bagels is a sit-down deli and bakery engaged in the retail sale of food and beverage items where customers sit down and order and then pay after consuming items.

40. Wantagh Bagels is open seven (7) days per week for several hours per day. It employs a handful of full-time and part-time personnel including bakers, cashiers and cleaning personnel.

41. At all relevant times, Wantagh Bagels was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

42. At all relevant times, Wantagh Bagels maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll, and other employment practices that applied to him.

43. At all relevant times, Wantagh Bagels was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees were handling food made from ingredients imported from out of state and distributed in New York. In addition, Wantagh Bagels conducted business with vendors and other businesses outside the State of New York and engaged in credit card transactions involving banks and other institutions outside the State of New York.

44. Upon information and belief, at all relevant times, Wantagh Bagels' annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii).

### Individual Defendants

**Ralph Facchini**

45. Upon information and belief, at all relevant times, Ralph Facchini ("Facchini")

was, at the time of Plaintiff's employment owner, principal, authorized operator, manager shareholder, and/or agent of the Corporate Defendants.

46. At all relevant times throughout Plaintiff's employment, Facchini had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendants, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; instructing and supervising Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

47. At all relevant times throughout the Plaintiff's employment, Facchini was actively involved in the day-to-day operations of Corporate Defendants and was in charge of their finances.

48. At all relevant times throughout the Plaintiff's employment, Facchini was a covered employer within the meaning of the FLSA and NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to, 29 U.S.C. § 203(d).

**Peter Casella**

49. Upon information and belief, at all relevant times, Peter Casella ("Casella") was, at the time of Plaintiff's employment owner, principal, authorized operator, manager shareholder, and/or agent of the Corporate Defendants

50. At all relevant times throughout Plaintiff's employment, Casella had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendants, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule;

instructing and supervising Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

51. At all relevant times throughout the Plaintiff's employment, Casella was actively involved in the day-to-day operations of Corporate Defendants and was in charge of their finances.

52. At all relevant times throughout the Plaintiff's employment, Casella was a covered employer within the meaning of the FLSA and NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to, 29 U.S.C. § 203(d).

## COLLECTIVE ACTION ALLEGATIONS

53. Pursuant to 29 U.S.C. §§ 203, 207, and 216(b), Plaintiff brings his First cause of action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants at any time from August 21, 2014 to December 31, 2016 (the "Collective Action Period") who worked as bakers, cashiers, and other non-exempt employees of the Defendants (the "Collective Action Members").

54. A collective action is appropriate in these circumstances because Plaintiff and the Collective Action Members are similarly situated, in that they were all subject to Defendants' illegal policies of failing to pay overtime wage for all hours worked.

55. Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

56. The claims of the Plaintiff stated herein are similar to those of the other employees.

### FIRST CAUSE OF ACTION

**Fair Labor Standards Act – Unpaid Overtime Wages**
**(August 21, 2011 - December 31, 2016)**

57. Plaintiff and Collective Action Members, reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

58. At all relevant times, Plaintiff and the Collective Action Members were employees and employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d), (e)(1), and (g).

59. At all times relevant, Defendants have been employers of Plaintiff and the Collective Action Members, and were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203 (s)(1) and 206 (a).

60. The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 (a)(1) and the supporting federal regulations, apply to Defendants and protect the Plaintiff and the Collective Action Members.

61. Defendants have failed to pay Plaintiff and the Collective Action Members, overtime wages at a rate of one and one-half times the regular rate at which they were employed for but under no instance less than one and one-half times the statutory minimum wage for all of the hours that they worked in excess of forty (40) hours per workweek.

62. As a result of Defendants' violations of the FLSA, Plaintiff and the Collective Action Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

63. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

64. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and the Collective Action Members.

65. Defendants failed to post or keep posted conspicuous notices of Plaintiff's rights as required by the U.S. Department of Labor pursuant to 29 C.F.R. § 516.4, further evincing Defendants' lack of good faith.

66. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

## SECOND CAUSE OF ACTION

**New York Labor Law – Unpaid Overtime Wages**
**(August 21, 2011 - December 31, 2016)**

67. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

69. At all relevant times referenced herein, Plaintiff had been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 190, 651 (5), 652, and the supporting New York State Department of Labor Regulations.

70. The overtime wage provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff

71. Defendants have failed to pay Plaintiff proper overtime which he was entitled to at a wage rate of one and one-half times his regular rate but under no instance less than one and one-half times the statutory minimum wage as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 146-1.4.

72. Through their knowing or intentional failure to pay Plaintiff proper overtime wages for hours worked in excess of forty (40) hours per workweek, Defendants have violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

73. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of NYLL § 663.

74. Defendants also failed to post conspicuous notices of the Plaintiff's rights under the law, as required by the NYLL § 661 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146-2.4, further evincing Defendants' lack of good faith.

75. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

### THIRD CAUSE OF ACTION

**New York Labor Law – Spread-of-hours pay**
**(August 21, 2011 - December 31, 2016)**

76. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

77. The spread-of-hours provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

78. Defendants have failed to pay Plaintiff spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff's shift exceeded ten (10) hours, as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 146-1.6.

79. Through their knowing or intentional failure to pay Plaintiff spread-of-hours compensation, Defendants have willfully violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

80. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hours pay, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## FOURTH CAUSE OF ACTION

**New York Labor Law – Failure to Provide Notice at the Time of Hiring**

81. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

82. Defendants have failed to provide Plaintiff, at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone

number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

83. Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workweek that the violation occurred, up to a maximum of Two Thousand Five Hundred Dollars ($2,500), until February 26, 2015, and statutory damages of Fifty Dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), thereafter, pursuant to NYLL § 198 (1-b).

### FIFTH CAUSE OF ACTION

**New York Labor Law – Failure to Provide Wage Statements**

84. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

85. Defendants have failed to provide Plaintiff with wage statements listing, *inter alia*, all his hours of work; rate of pay; basis of pay; the period covered; and overtime pay, in violation of NYLL § 195(3).

86. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants One Hundred Dollars ($100) for each work week that the violations occurred, up to a maximum of Two Thousand Five Hundred Dollars ($2,500), until February 26, 2015, and statutory damages of Two Hundred and Fifty Dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), thereafter, pursuant to NYLL § 198 (1-d).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks the following relief:

A.  Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative collective action members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

B.  An order tolling the statute of limitations;

C.  Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* New York Labor Law, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

D.  Unpaid overtime pay under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

E.  Unpaid overtime wages and spread-of-hour pay under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and § 663(1);

F.  Civil penalties of One Thousand One Hundred Dollars ($1,100) for each of Defendants' willful and repeated violations of the FLSA pursuant to 29 U.S.C. § 216(b);

G.  An award of statutory damages for Defendants' failure to provide Plaintiff with a wage notice at the time of hiring or any time thereafter pursuant to NYLL § 198 (1-b);

H.  An award of statutory damages for Defendants' failure to provide Plaintiff with wage statements pursuant to NYLL § 198 (1-d);

I. A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

J. If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

K. An award of pre-judgment interest of nine per centum per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

L. An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

M. An award of attorney's fees, costs, and further expenses up to fifty dollars, pursuant to 29 U.S.C. § 216(b), and NYLL §§ 198 and 663(1);

N. Such other relief as this Court shall deem just and proper.

Dated: August 21, 2017

    Respectfully submitted,
    **PARDALIS & NOHAVICKA, LLP**

By:    /s/Ariadne Panagopoulou_____
    Ariadne Panagopoulou (AP-2202)
    *Attorneys for the Plaintiff*
    35-10 Broadway, Suite 201
    Astoria, New York 11106
    Tel: 718.777.0400 | Fax: 718.777.0599
    Email: ari@pnlawyers.com

## NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. 216(b)

### FAIR LABOR STANDARDS ACT CONSENT FORM

I consent to be a party plaintiff in a lawsuit against **Ismael Antonio Hernandez Garcia** and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. Section 216(b). I hereby designate Pardalis & Nohavicka LLP to represent me in such a lawsuit.

Dated: 7/18/2017

Astoria, New York

*ISMAELHERNANDES*
Signature

Ismael Antonio Hernandez Garcia
Print Name

_____
Address

516.547.5590
Telephone