**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Ismael Antonio Hernandez Garcia, *on behalf of himself and others similarly situated,* | Civ. Case No. 2:17-cv-4924(LDW)(GRB) |
| *Plaintiff,* | |
| -v- | |
| Wantagh Bagels Inc., Wantagh Bagels, Ralph Facchini, and Peter Casella, *jointly and severally,* | |
| *Defendants.* | |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement ("Agreement") is made and entered into between Plaintiff Ismael Antonio Hernandez Garcia, on behalf of himself and all of his heirs, executors, administrators, attorneys, and assigns (hereinafter, "Plaintiff"), and Defendants Ralph Facchini and Peter Casella, on behalf of themselves and all of their heirs, executors, administrators, attorneys, and assigns (hereinafter, "Defendants" and with Plaintiff, the "Parties"):

WHEREAS, beginning in May 2010, Plaintiff was employed by Wantagh Bagels Inc., which owned and operated a restaurant called Wantagh Bagels at 3056 Merrick Road, Wantagh, New York (the "Bagel Shop");

WHEREAS, Defendants were owners and operators of Wantagh Bagels Inc.;

WHEREAS, on or about August 19, 2016, Wantagh Bagels Inc. entered into an Assets Purchase Agreement with Wantagh Bagels NY, Inc., which transferred interest in the Bagel Shop;

WHEREAS, following the Assets Purchase Agreement, Wantagh Bagels Inc. was dissolved, and Defendants ceased to have any interest in the Bagel Shop;

WHEREAS, on or about August 22, 2017, Plaintiff filed a Complaint in the Eastern District of New York, styled *Garcia v. Wantagh Bagels Inc. et al*, 2:17-cv-04924-LDW-GRB (the "Pending Action"), which asserts claims for unpaid overtime wages, spread-of-hours pay, and failure to provide wage statements and wage notices under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") against Wantagh Bagels, Inc., Wantagh Bagels, and Defendants;

WHEREAS, Defendants deny all allegations, claims, or charges made by Plaintiff in the Complaint and deny that they or the Release Parties (as defined herein) are liable, or owe any damages, to Plaintiff;

WHEREAS, the Parties have engaged informally exchanged documents and information, and engaged in arms-length negotiations with the assistance of their respective counsel;

WHEREAS, the Parties recognize the outcome in this action is uncertain and achieving a final result through litigation requires additional risk, discovery, time, and expense; and

WHEREAS, in order to avoid the expense, burden, and delay of continued litigation, and without admitting or acknowledging any liability by Defendants or the Released Parties, the Parties now wish to affect a complete resolution and settlement of all of Plaintiff's claims, and freely and voluntarily enter into this Agreement for that purpose.

NOW THEREFORE the Parties hereby agree upon this Settlement Agreement and Release ("Agreement") as a resolution of all issues involved herein as follows

1.    **Preliminary Matters**. Plaintiff has reviewed the terms of this Agreement, has had the opportunity to confer with his legal counsel, Pardalis & Nohavicka LLP (hereinafter "Plaintiff's Counsel"), and/or other advisors of his own choosing in order to obtain advice with respect to the terms of this Agreement. Plaintiff has had the opportunity to consider his counsel's advice with respect to the foregoing Agreement. Plaintiff enters into this Agreement voluntarily and with a full understanding of its terms.

2.    **No Admission of Liability**. The Parties recognize and agree that Defendants, on their own behalves and on behalf of the Released Parties (defined herein), do not admit, and expressly deny, any violation of law or any liability to Plaintiff or to anyone else as a result of or growing out of the matters set forth in the Pending Action, or which could have been raised in such suit, or which otherwise involves Plaintiff's employment relationship with Wantagh Bagels, Inc.

3.    **Dismissal of Pending Action**. For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff agrees: (1) to dismiss with prejudice, or cause to be dismissed with prejudice, the Pending Action; (2) not to re-file the causes of action asserted in the Pending Action or any other employment-related causes of action against Defendants; and (3) not to institute any action against any Defendants in any court or other forum based on allegations or claims existing as of the Effective Date. The Parties expressly authorize their counsel to submit any papers to the Court that are necessary to effectuate the dismissal of the Pending Action and/or a full release of Plaintiff's claims as specified herein. Notwithstanding the above, Plaintiff will not file a stipulation to dismiss with prejudice unless and until Counsel for the Defendants makes a written representation to Plaintiff's Counsel that he is in possession of the settlement funds.

2

4.      **Consideration.**

A.      Defendants agree to pay Plaintiff and his attorneys the gross sum of Forty-Five Thousand and 00/100 Dollars ($45,000.00), pursuant to and contingent upon the terms and conditions precedent set forth in Section 7 below (hereinafter the "Settlement Payment"), and other good and valuable consideration as described below.

B.      The Parties acknowledge and agree that the Settlement Payment includes but is not limited to attorneys' fees, costs, penalties, interest, back wages, and liquidated damages.

C.      Plaintiff agrees and affirms that the Settlement Payment shall constitute full and final consideration and payment to be provided to him as well as to his counsel under this Agreement, and that neither he nor his counsel will seek any further consideration or compensation for any other claimed damages, costs, disbursements, or attorneys' fees in connection with any of the matters encompassed in this Agreement.

5.      **Release of Employment-related claims by Parties.**

**Plaintiff**

A.      In consideration of the promises, payments, and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, as of the Effective Date, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants and any of their current or former companies and affiliates, including but not limited to Wantagh Bagels, Inc. and Wantagh Bagels of NY, Inc., as well as such entitites' current and former officers, directors, owners, shareholders, investors, agents, attorneys, employees, fiduciaries, successors, predecessors, divisions, affiliates, parent, assigns, and representatives, in their individual and/or representative capacities (collectively, the "Released Parties"), from all claims, charges, actions or causes of action which he had, now has or hereafter may have against Defendants and/or the Released Parties, arising out of Plaintiff's employment with Wantagh Bagels: (i) claims under federal, state or local laws, statutes, constitutions, regulations, rules, ordinances or orders, including, but not limited to, claims under the New York Labor Law, the Wage Theft Prevention Act, New York Hospitality Industry Wage Order, the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Employee Retirement Income Security Act, the Equal Pay Act, the Immigration Reform and Control Act, the Consolidated Omnibus Budget Reconciliation Act, the Fair Credit Reporting Act, the Sarbanes Oxley Act, the Occupational Safety and Health Act, the Family and Medical Leave Act, the New York Corrections Law, the New York State Human Rights Law, the New York City Human Rights Law, each as amended, or any other federal, state, and/or local law; (ii) claims for minimum wages, overtime wages, commissions, and/or unpaid wages, compensation, and/or other remuneration, whether based on common law or otherwise, which specifically includes all claims for unpaid overtime, improper deductions, travel time, spread-of-hours pay, bonuses, penalties, expense reimbursements, gratuities, fees, tip credits, tip allowances, service

3

charges, retained gratuities, call-in pay, tools-of-the-trade, and/or meal credits during Plaintiff's employment with Wantagh Bagels and/or other compensation, wages, or benefits including, but not limited to, life insurance, accidental death and disability insurance, sick leave, or other employer provided plan or program, distributions of income or profit, vacation or other leave time, retirement, pension, the use of information obtained by Defendants and/or the Released Parties as a result of the offering of group health insurance coverage and/or any related penalties, damages, liquidated damages and attorneys' fees under federal, state and/or local law; and (iii) any other claim, whether for monies owed, reimbursement, attorneys' fees, litigation costs, damages, constructive discharge, wrongful discharge, defamation, fraud, misrepresentation, or otherwise, arising prior to the Effective Date, including, but not limited to, all claims asserted in the Pending Action. The Parties hereby specifically acknowledge that this Agreement, and the monies received by Plaintiff and referenced herein, are a fair and reasonable resolution of a bona fide dispute over provisions of the Fair Labor Standards Act and the New York Labor Law.

B.      This release does not affect or limit: (1) claims that may arise after the Effective Date; (2) the Parties' rights to enforce the terms of this Agreement; and (3) any other claims that, under controlling law, may not be released by private settlement. In addition, nothing in this Release waives or limits Plaintiff's right to file a charge with the Equal Employment Opportunity Commission or similar state agency, or with the National Labor Relations Board, or to provide information to or assist such agency in any proceeding, provided, however, that Plaintiff hereby agrees that by signing this Agreement, he relinquishes any right to receive any personal monetary relief or personal equitable relief with respect to any matter as to which he has released claims. As of the Effective Date, the Plaintiff does not have any charge or complaint against the Defendants and/or the Released Parties pending with the Equal Employment Opportunity Commission or similar state agency, or with the National Labor Relations Board.

**Defendants**

Defendants release Plaintiff from any and all claims, charges, actions, and causes of action of any kind or nature that Defendants once had, could have had, or now have arising out of Plaintiff's employment with Defendants forming subject matter of the Pending Action, whether such claims are now known or unknown to Defendants, from the beginning of the world to the date of the Agreement.

6.      **Plaintiff's Responsibility for Taxes**. Plaintiff assumes full responsibility for the Settlement Payment of any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiff under any federal, state, or municipal laws of any kind, with respect to the monies paid by Defendants to Plaintiff and/or Plaintiff's Counsel pursuant to this Agreement. Although Plaintiff believes, in good faith, that the tax treatment of the Settlement Payment referenced in this Agreement is proper and in compliance with applicable IRS regulations, and Plaintiff and his counsel agree they have not relied on any express or implied representations by Defendants or any person acting on their behalf concerning the tax implications of the payments made under this Agreement, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that any Plaintiff and/or any Defendants or Released Party are liable

4

for any failure by Plaintiff to pay federal, state or local income or employment taxes with respect to the Settlement Payment set forth in this Agreement, or liable for interest or penalties related thereto, Plaintiff agrees to indemnify and hold Defendants and the Released Parties harmless for any such liability, taxes, penalties, or interest that may be assessed by any taxing (aside from the employer's share of any payroll contributions).

7. **Payment**.

A. In consideration of the promises of Plaintiff set forth herein, and contingent upon receipt of IRS Forms W-9 executed by Plaintiff and Plaintiff's Counsel, Defendants shall issue the Settlement Payment set forth in Section 4 as a full and complete settlement and in final satisfaction of any and all claims pertaining to Plaintiff's employment with Defendants, forming subject matter of the Pending Action, that Plaintiff has or may have against Defendants, through the date Plaintiff executes this Agreement, as well as any claim for attorneys' fees and costs. The Settlement Payment shall be due and payable via a certified bank check for an amount of Forty-Five Thousand and 00/100 Dollars ($45,000.00) to "Pardalis & Nohavicka, LLP *as attorneys for* Ismael Antonio Hernandez Garcia", delivered to Pardalis & Nohavicka, LLP at 950 Third Avenue, 25th Floor, New York, NY 10022.

B. The Settlement amount will be distributed as follows: (a) Plaintiff will receive a total sum of Thirty Thousand Dollars ($30,000.00); and (b) Plaintiff's Counsel will receive a total sum of Fifteen Thousand Dollars ($15,000.00) representing attorney's fees and costs.

C. Payment shall be due no later than twenty one (21) days after the Effective Date.

D. The total amount of the Settlement Payment shall be made without any tax withholdings and shall be reflected on valid IRS Forms 1099 issued to Plaintiff's Counsel, subject to the Court's review and approval of this Agreement.

8. **Neutral Reference.** If contacted by future employers, the Defendants will provide verification to such prospective employers and other third parties of the dates of Plaintiff's employment relationship with the Defendants and his position(s) held. The Defendants will also advise any prospective employer that this is the only information they provide to any prospective employer for any employee of Defendants.

9. **Effective Date.** The Effective Date of this Agreement shall be the date that the Revocation Period described in Section 18 expires or the Court dismisses the Pending Action with prejudice, whichever occurs later.

10. **Governing Law.** The rights and obligations of the parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws. Venue and jurisdiction for any dispute between the parties shall lie in the United States District Court for the Eastern District of

New York. However, if the District Court should refuse or decline to accept jurisdiction over the settlement for any reason, the Parties agree that this Agreement may be enforced in a court of competent jurisdiction located in New York County, New York. Plaintiff acknowledges that he has not previously transferred, assigned or conveyed any right or claim released in this Agreement. The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

      11.      **Liability in Case of Breach.** In the event that a Party believes that the other Party has failed to comply with any term of this Settlement Agreement, that Party shall provide written notice to counsel for the other Party detailing the claimed violation(s) or breach(es). Within thirty (30) days of receipt of that notice, the Parties will engage in good faith discussions to resolve the issue. Thereafter, if the Parties disagree on the matters set forth in the notice, they will settle the dispute by seeking appropriate legal and/or injunctive relief, and the prevailing party will be entitled to an award of its reasonable attorneys' fees and costs.

      12.      **Status of Settlement If Case Is Not Ultimately Dismissed.** In the event the Court does not dismiss the Pending Action as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement, and the Parties shall proceed in all respects as if the Agreement had not been executed.

      13.      **Important Acknowledgments.** It is further understood and agreed that the Settlement Payment and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby. The Parties represent and warrant that the Settlement Payment is fair and reasonable. The Parties represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys. The Parties acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily.

      14.      **No Other Representations or Agreements.** Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. This is an integrated document.

      15.      **No Modification Except In Writing.** This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

16.    **No Waiver**. Failure by any Party to enforce or seek to remedy any breach under this Agreement shall not be construed as a waiver of such rights nor shall a waiver by either party of default be construed as constituting a continuing waiver or as a waiver of any other breach.

17.    **Execution In Counterpart and Facsimile Signatures**. This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

18.    **Knowing and Voluntary Release of Claims**.    Plaintiff acknowledges that:

A.        Plaintiff has carefully read this Settlement Agreement and he fully understands its meaning;

B.        Plaintiff has been advised that an individual waiving rights under the Age Discrimination in Employment Act ("ADEA") is entitled to a minimum of 21 days within which to consider this agreement and release, and therefore Plaintiff acknowledges that he has 21 days from the date of receiving this Settlement Agreement, which contains a release of ADEA claims, to return the signed Settlement Agreement and release. Plaintiff acknowledges that he may execute and return this Agreement and release earlier if he so decides, and that by executing and returning this agreement and release during the 21 day period, he will waive any right to consider the Agreement and release for the 21 day period. Plaintiff acknowledges that he has been further advised that he may consult with an attorney or other adviser of his choosing prior to making the decision to execute and return this Settlement Agreement.

C.        Defendants hereby advise Plaintiff in writing that Plaintiff should consult with an attorney before signing the Settlement Agreement, and Plaintiff acknowledges that he has in fact consulted with an attorney regarding this Agreement, or that he has waived this right.

D.        Plaintiff is signing this Agreement, knowingly, voluntarily, and without any coercion or duress; and

E.        Everything Plaintiff is receiving for signing this Agreement is described in the Agreement itself, and no other promises or representations have been made to cause Plaintiff to sign it.

19.    **Revocation**. Plaintiff understands and agrees that he has a period of seven (7) days following the signing of this Agreement to revoke it (the "Revocation Period"). Plaintiff understands that in the event that any Plaintiff revokes this Agreement, the entire Agreement shall be null and void and of no force or effect on either party and therefore Defendants will be under no obligation to make the payments set forth in Sections 4 and 7. In order to revoke this

Agreement, Plaintiff sign and send a written notice of the decision to do so, addressed to Defendants' counsel (Aaron Warshaw, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 1745 Broadway, 22nd Floor, New York, New York 10017) and the written notice must be received by Defendants' counsel no later than the eighth day after Plaintiff signed this Agreement. Plaintiff further understands that this Settlement Agreement shall not be effective or enforceable until the day after the seven (7) day Revocation Period has expired and provided that Plaintiff has not exercised his right to revoke this Settlement Agreement.

20.    **Severability.** Should any clause, sentence, provision, paragraph, or part of this Agreement be adjudged by any court of competent jurisdiction, or be held by another competent governmental authority having jurisdiction, to be illegal, invalid, or unenforceable, such judgment or holding shall not affect, impair, or invalidate the remainder of this Agreement, but shall be confined in its operation to the clause, sentence, provision, paragraph, or part of the Agreement directly involved, and the remainder of the Agreement shall remain in full force and effect.

**I HAVE READ THIS CONFIDENTIAL RELEASE AND SETTLEMENT AGREEMENT AND, UNDERSTANDING ALL OF ITS TERMS, I FREELY AND VOLUNTARILY SIGN IT INTENDING TO BE BOUND BY ALL OF ITS TERMS.**

**IN WITNESS WHEREOF,** the parties hereto have executed, or caused their duly authorized officer, to execute this Agreement.


_ISMAEL HORNANDES_
**ISMAEL ANTONIO HERNANDEZ GARCIA**
Date: _1/11/18_____, 2018



_____
**RALPH FACCHINI**
Date: _____, 2018

_____
**PETER CASELLA**
Date: _1 | 25_____, 2018

8

Agreement, Plaintiff sign and send a written notice of the decision to do so, addressed to Defendants' counsel (Aaron Warshaw, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 1745 Broadway, 22nd Floor, New York, New York 10017) and the written notice must be received by Defendants' counsel no later than the eighth day after Plaintiff signed this Agreement. Plaintiff further understands that this Settlement Agreement shall not be effective or enforceable until the day after the seven (7) day Revocation Period has expired and provided that Plaintiff has not exercised his right to revoke this Settlement Agreement.

20.    **Severability.** Should any clause, sentence, provision, paragraph, or part of this Agreement be adjudged by any court of competent jurisdiction, or be held by another competent governmental authority having jurisdiction, to be illegal, invalid, or unenforceable, such judgment or holding shall not affect, impair, or invalidate the remainder of this Agreement, but shall be confined in its operation to the clause, sentence, provision, paragraph, or part of the Agreement directly involved, and the remainder of the Agreement shall remain in full force and effect.

**I HAVE READ THIS CONFIDENTIAL RELEASE AND SETTLEMENT AGREEMENT AND, UNDERSTANDING ALL OF ITS TERMS, I FREELY AND VOLUNTARILY SIGN IT INTENDING TO BE BOUND BY ALL OF ITS TERMS.**

**IN WITNESS WHEREOF,** the parties hereto have executed, or caused their duly authorized officer, to execute this Agreement.

ISMAEL HORNANDEF
ISMAEL ANTONIO HERNANDEZ GARCIA
Date: 1/11/18          , 2018


RALPH FACCHINI
Date:      1/23/      , 2018


_____
PETER CASELLA
Date: _____, 2018

8